UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THOMAS WILLIAM DURKIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:17-cv-0065-WTL-MJD |
| | ) |
| J. F. KRUEGER WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Thomas Durkin is confined in this District and seeks a writ of habeas corpus. The pleadings and the expanded record show that Durkin was convicted in the United States District Court for the Southern District of California for conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). *United States v. Martinez*, 657 F.3d 811 (9th Cir. 2011). He is now serving a term of life imprisonment. *Id.* Following this direct appeal, Durkin's motion for relief pursuant to 28 U.S.C. § 2255 was denied. His motion to file a second or successive 28 U.S.C. § 2255(a) motion was then also denied.

The present action followed. Durkin claims that *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), renders his RICO sentence invalid. This contention was made in Durkin's second or successive application and was rejected by the Ninth Circuit, which explained that Durkin

> has not shown that the statute under which he was convicted and sentenced contains language similar to that found to be unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Accordingly, the applicant has not made a prima facie showing under 28 U.S.C. § 2255(h) . . . To the extent the applicant seeks to challenge the application of U.S.S.G. § 2E1.1(a) under *Johnson*, he is not entitled to authorization. *See Beckles v. United St*ates, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness").

No. 16-72192 (9th Cir. April 17, 2017).

Durkin also argues that *Apprendi v. United States*, 530 U.S. 466 (2000), requires the jury to make the determination of whether the racketeering activity warrants a life-sentence, "but the jury's special verdict found [him] subject to th[at] sentence[ ]." *United States v. Martinez*, 657 F.3d 811, 816 (9th Cir. 2011). *See United States v. Benabe*, 654 F.3d 753, 777 (7th Cir. 2011)("After the jury had reached its verdicts of guilty on most charges, including the RICO conspiracy charge, the district court instructed the jury to determine whether the defendants had been criminally involved in four of the murders included in the indictment. Such a jury finding was necessary to comply with the requirements of *Apprendi* . . ."); *United States v. Caba,* 241 F.3d 98, 101 (1st Cir. 2001)("*Apprendi* only applies when the disputed 'fact' enlarges the applicable statutory maximum *and* the defendant's sentence exceeds the original maximum").

Durkin invokes the Savings Clause of 28 U.S.C. § 2255(e), which permits a habeas challenge to the legality of an inmate's conviction or sentence in those cases where 28 U.S.C. § 2255 is "'inadequate or ineffective to test the legality of [the] detention.'" *Kramer v. Olson,* 47 F .3d 214, 217 (7th Cir. 2003) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quoting *Davenport*, 147 F.3d at 609).

Durkin's constitutional claims could have been raised—and in fact were raised, at least in part—in his prior challenges. Accordingly, § 2255 was adequate to test the legality of his detention, and he may not press these claims in a § 2241 petition. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Durkin had that opportunity and used it. He is not entitled to more.

Based on the foregoing, Durkin has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the pleadings and the history of the sentence he now challenges. Durkin's enhanced sentence is not constitutionally infirm for the reasons he asserts. His petition for writ of habeas corpus is **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/8/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

THOMAS WILLIAM DURKIN
31577-198
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov